**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Claudio Olegario Jaquez-Beltran,<br><br>            Defendant. | No. CR-24-01150-001-PHX-SMM<br><br>**ORDER** |

This matter is before the Court on Defendant's Motion for Reduction in Sentence. (Doc. 39). The Government filed a response (Doc. 40) and Defendant did not file a reply. For the following reasons, the Court denies Defendant's Motion.

## I.     BACKGROUND

On June 8, 2024, Defendant applied for entry into the United States from Mexico at the San Luis, Arizona, Port of Enty. (Doc. 40 at 2). At the time, he was driving his truck, which contained 34 packages of powder fentanyl hidden in the truck's spare tire. (Id.) The packages were discovered after an officer in primary inspection obtained an abnormally high density reading of the spare tire and referred Defendant for secondary inspection. (Id.) During secondary inspection, a Z-portal x-ray revealed anomalies in the spare time of the vehicle. (Id.) A search of the spare tire revealed 34 brick-shaped packages, which contained a white-powdery substance. (Id.) On October 22, 2024, Defendant pleaded guilty to violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Possession with Intent to Distribute Fentanyl). (Doc. 27.)

On January 7, 2025, this Court sentenced Defendant to a below-guidelines sentence of 37 months' imprisonment. (Doc. 37.)  In reaching that sentence, this Court calculated Defendant's Guideline Range as 87 to 108 months, based on a total level of 29 and criminal history category of I.  (Doc. 38.) But the plea agreement stipulated to a four-level downward departure, under U.S.S.G. § 5K31, further lowering his adjusted guideline range. This Court granted Defendant's motion for a downward variance sentenced Defendant to a below Guidelines sentence of 37 months. (Doc. 38.) Defendant has been in custody since June 8, 2025. (Doc. 40-1). It appears he has served approximately 25 months of his sentence, and his projected release date is January 23, 2027. (See id.)

## II.    LEGAL STANDARD

District courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see Dillon v. United States, 560 U.S. 817, 824–25 (2010). There are, however, a few exceptions to this rule, and compassionate release is one of them. Compassionate release allows a court to "reduce the term of imprisonment (and . . . impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)[.]" 18 U.S.C. § 3582(c)(1). It is both a drastic and permanent remedy. Therefore, it is subject to several strict statutory conditions.

"Sentence reduction under § 3582(c)(1)(A) is discretionary." United States v. Bryant, 144 F.4th 1119, 1123 (9th Cir. 2025). A defendant bears the burden of proving he meets all conditions for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); United States v. Wright, 46 F.4th 938, 951 (9th Cir. 2022) ("[I]t was [defendant's] burden to establish his eligibility for compassionate release . . . .") . First, a district court can consider a defendant's request for compassionate release only after a defendant makes an administrative request to his Warden and waits 30 days for a response. See 18 U.S.C. § 3582(c)(1)(A). Second, to be eligible for compassionate release, a defendant must show: (1) the existence of extraordinary and compelling reasons; and (2) that any sentencing

reduction be "consistent with applicable policy statements issued by the Sentencing Commission." Wright, 46 F.4th at 945. Following the Sentencing Commission's amendment of U.S.S.G. § 1B1.13 in November 2023, that policy statement now binds courts determining eligibility for compassionate release. Third, even if statutorily eligible for release, a defendant must show that the § 3553(a) sentencing factors warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); Wright, 46 F.4th at 945. Only if a defendant meets all these requirements may the district court exercise its discretion to grant release. Id. If a defendant fails to satisfy any one requirement, the district court can deny on that basis alone and need not evaluate the other steps. United States v. Keller, 2 F.4th 1278, 1284 (9th Cir. 2021).

### III.    DISCUSSION

Defendant moves the Court for a two-point reduction under the First Step Act. (Doc. 39 at 1). For the following reasons, the Court denies Defendant's Motion.

First, Defendant failed to exhaust his administrative remedies. Before the Court can consider his motion, Defendant must file a request with the warden. 18 U.S.C. § 3582(c)(1)(A); United State v. Weidenhamer II, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2-3 (denying motion for compassionate release because defendant failed to exhaust administrative remedies); United States v. Clark, No. CR-16-01397-001-PHX-DJH, 2022 WL 1320411, at *1 (same). Defendant submits no evidence of a request to the Warden. (See Doc. 39). Moreover, according to the Bureau of Prisons, no such request has been received as of April 8, 2024. (Doc. 40 at 4). His record of administrative remedy requests also shows no compassionate release requests. (Id.) Accordingly, Defendant failed to satisfy the administrative exhaustion requirement.

Second, Defendant provides no extraordinary or compelling reason for release and fails to show that the Section 3553(a) factors support his release. Extraordinary and compelling reasons include serious medical circumstances, family circumstances, abuse, or other circumstances that are serious in gravity. See U.S.S.G. 1B1.13(a)(1). Here, Defendant requests a "two-point reduction" in his sentence but cites no reasons to support

his request, much less extraordinary, or compelling reasons. (See Doc. 39). Further, Defendant cannot show that the § 3553(a) factors support a reduced sentence. The Government contends that reducing Defendant's 37 months sentence would not have the necessary deterrent effect because "anything less than 37 months would not promote respect for the law or reflet the seriousness of the offense." (Doc. 40 at 4). The Court also notes that, it already considered Defendant's unique circumstances, granted Defendant's motion for a downward variance, and sentenced Defendant to a below Guidelines sentence of 37 months.[1] (Doc. 38.) Thus, the Court denies Defendant's Motion.

Accordingly,

**IT IS ORDERED denying** Defendant's Motion to Reduce Sentence. (Doc. 39).

Dated this 17th day of July, 2026.

_____
Stephen M. McNamee
Senior United States District Judge

---

[1] The Guideline range in this case was 87 to 108 months of imprisonment. (Doc. 37).